**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 30, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

FIDEL SALCEDO-HERRERA,

  Defendant-Appellant.

No. 09-6278

(W.D. of Okla.)

(D.C. No. 5:09-CR-00180-R)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

---

Fidel Salcedo-Herrera pleaded guilty to illegally reentering the United

States in violation of 8 U.S.C. § 1326(a). He appeals his conviction and sentence.

Salcedo-Herrera's counsel, finding no meritorious grounds for an appeal, moves

to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). We have

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

jurisdiction under 28 U.S.C. § 1291. We GRANT counsel's motion to withdraw and DISMISS Salcedo-Herrera's appeal.

## I. Background

Salcedo-Herrera was removed from the United States in July 2001 after his conviction for an aggravated felony. In April 2009, he was found to have returned to the United States without consent and charged with illegal reentry in violation of § 1326(a).

At a July 2009 hearing, Salcedo-Herrera pleaded guilty to the crime charged. The applicable Sentencing Guidelines range for his offense was 46 to 57 months. Through counsel, Salcedo-Herrera requested both a downward departure based on his health and age and a downward variance based on the factors found in 18 U.S.C. § 3553(a). Noting Salcedo-Herrera's personal characteristics, criminal history, and repeated returns to the United States, the district court did not grant those requests. The district court sentenced Salcedo-Herrera to 48 months' imprisonment and three years of supervised release. The district court also ordered him to pay a $100.00 special assessment fee.

Following Salcedo-Herrera's timely notice of appeal, his counsel filed an *Anders* brief explaining that, after reviewing the record and completing the necessary research, he determined the appeal had no merit. Salcedo-Herrera has not filed a response to that brief. The government filed a notice of its intention not to file an answer brief in this appeal.

## II. Discussion

Under *Anders*, defense counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). If counsel makes that determination, he may "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *Id.* The client may also submit arguments to the court in response. We must then fully examine the record "to determine whether defendant's claims are wholly frivolous." *Id.* If we find they are, we may dismiss the appeal.

The only possible bases for Salcedo-Herrera's appeal are the district court's decision to accept his guilty plea and the substantive reasonableness of his sentence. Because Salcedo-Herrera did not assert any error during his Rule 11 sentencing hearing, nor move to withdraw his guilty plea, we review any challenges to the plea hearing for plain error. *See United States v. Cano-Varela*, 497 F.3d 1122, 1131 (10th Cir. 2007). "To show Rule 11 plain error, a defendant must show (1) error that (2) is plain which (3) affected his substantial rights and (4) seriously affected the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Having carefully reviewed the record, we conclude the district court did not commit plain error in accepting Salcedo-Herrera's guilty plea. At the change of plea hearing, Salcedo-Herrera indicated he was alert, was proceeding voluntarily,

understood the rights he was waiving by pleading guilty, was not under the influence of any substance, and understood the district court could sentence him as if he had been convicted at trial. The district court also determined the factual basis for the guilty plea and complied with all other requirements of Rule 11. Accordingly, any appeal from the Rule 11 hearing would be wholly frivolous.

We review sentences for procedural and substantive reasonableness. *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). When a defendant is sentenced within a properly-calculated Guidelines range, the sentence "is entitled to a rebuttable presumption of reasonableness." *Id.* at 1054. "The defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *Id.* at 1055. Salcedo-Herrera's counsel asserts the district court calculated the Guidelines range properly and made no other procedural errors. We agree, and thus we presume the sentence to be reasonable. We further find the § 3553(a) factors do not provide a basis for rebutting the presumption in this case. While Salcedo-Herrera requested a downward departure based on his age and health and a downward variance under § 3553(a), the district court found Salcedo-Herrera's criminal history and repeated returns to the United States weighed against any further mitigation of his sentence. Seeing no substantive error, we conclude Salcedo-Herrera's sentence is reasonable.

### III. Conclusion

We conclude no meritorious appellate issue exists. Accordingly, we

GRANT counsel's motion to withdraw and DISMISS Salcedo-Herrera's appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge